FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 3 - 2012 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____X

MARY DORFMAN and ELLIOT DORFMAN,

Plaintiffs,

-against-

RICHARD SOKOLOFF, ESQ.,

Defendant.

_____X

CV 12 - 1632

**COMPLAINT**
**AND DEMAND**
**FOR JURY TRIAL**

Plaintiffs, Mary Dorfman and Elliot Dorfman, as and for their complaint, by and through

their counsel, Jesse Langel, Esq., allege as follows:

## INTRODUCTION

1.      This is an action by an individual consumer and an affected person for money damages

caused by violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA)

and New York General Business Law (NYGBL) § 349. The defendant, a consumer debt

collection attorney, sought to collect amounts not authorized by contract or statute, failed to

verify a disputed debt, communicated with a represented party, and used unconscionable

litigation tactics to collect an alleged debt.

## JURISDICTION AND VENUE

2.      Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331 in

that this dispute involves predominant issues of federal law.  The defendant has violated the

provisions of the FDCPA.

3.      Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     Venue in this district is proper in that the defendant transacts business here and the conduct complained of occurred here.

6.     The defendant regularly does business within this district, and has engaged in a persistent course of conduct within this district. The defendant also derives substantial revenue from services rendered in this judicial district and state.

7.     The defendant expected or should have reasonably expected the acts alleged in this complaint would have consequences in this judicial district and state. The defendant derives substantial revenue from interstate commerce.

8.     The defendant caused transactions and occurrences alleged in this complaint to take place in this judicial district and state.

### PARTIES

9.     Plaintiff Mary Dorfman ("Ms. Dorfman") is a natural person who resided at all relevant times in Richmond County, New York.

10.    Plaintiff Elliot Dorfman ("Mr. Dorfman") is a natural person who resided at all relevant times in Richmond County, New York.

11.    Ms. Dorfman is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

12.    Mr. Dorfman is an aggrieved "person" as defined by 15 U.S.C. § 1692k of the FDCPA.

13.    Richard Sokoloff, Esq. (hereinafter "Sokoloff") is and operates a business entity regularly engaged in the business of collecting debts in the state of New York with its principal place of business located at 3245 Route 112, Suite 1, Medford, Suffolk County, New York 11763.  The principal purpose of Sokoloff is the collection of debts using the mails, telephone, the internet, and other instruments of interstate commerce. Defendant regularly attempts to collect debts alleged to be due another.

2

14.     Sokoloff maintains a website at http://www.richardsokoloff.com/ and holds himself out to the general public as a consumer debt collection attorney.

15.     Upon information and belief, Sokoloff is a "debt collection agency" licensed with the State of New York, NYC DCA License No. 1326774.

16.     Sokoloff is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17.     The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18.     The alleged debt relates to emergency room care provided to Ms. Dorfman's son, Jordan Dorfman, on June 24, 2007. Not only are the charges for the medical treatment disputed as inaccurately high and unverified, but Sokoloff's client, Keven Tehrani, M.D. (Dr. Tehrani), repeatedly took advantage of Ms. Dorfman by billing her with finance charges that were not authorized by any agreement or law. Sokoloff, as a debt collection attorney who ultimately sued Ms. Dorfman, proceeded without conducting any meaningful attorney review to ascertain the lawfulness of the charges and compliance with the FDCPA.

### FACTUAL ALLEGATIONS

19.     The alleged debt has been disputed between Ms. Dorfman and Sokoloff's client, Dr. Tehrani, ever since he charged her $3,394.40 for placing a few stitches in her son's lip. Ms. Dorfman had asked Dr. Tehrani's office what the reasonable value of the medical treatment would be to which his office responded approximately $1,100. Since Ms. Dorfman's insurance company already forwarded $965 toward the medical bill, Ms. Dorfman offered to remit an additional $200 to reach the reasonable value of the services. Stated another way, as a consumer, Ms. Dorfman objected to the amount of the bill as unreasonable and not customary.

20.     Notwithstanding her dispute of the invoice, Dr. Tehrani, without authorization by contract or statute, sent Ms. Dorfman invoices that imposed monthly "finance charges" without explanation or itemization. The alleged debt included fees and interest that were not agreed to by Ms. Dorfman, orally or in writing.

21.     By letter dated November 30, 2009, Sokoloff informed Ms. Dorfman on his letterhead that he was retained by Dr. Tehrani to collect the alleged debt. He was seeking to collect $5,133.08, an amount substantially higher than his original claim of $3,394.40.   A true and accurate copy of said letter is attached hereto as **Exhibit "1."**

22.     Ms. Dorfman thereafter retained counsel, Kevin P. McKernan, Esq., (McKernan) to represent her in connection with Sokoloff's attempts to collect the disputed debt.

23.     Exercising Ms. Dorfman's verification rights under FDCPA § 1692(g), McKernan, by letter dated December 7, 2009, sent Sokoloff a responsive letter advising Sokoloff that Ms. Dorfman disputed the "charge as being wholly in error and invalid." The letter further advised Sokoloff that Ms. Dorfman was represented by counsel and directed Sokoloff to cease communications with her directly.   A true and accurate copy of the letter is attached hereto as **Exhibit "2."**

### Sokoloff's continued efforts to collect the disputed and unverified debt

24.     Thereafter, Sokoloff continued to attempt to collect the alleged debt without verifying the debt in response to McKernan's December 7, 2009 dispute letter.

25.     On or about April 13, 2011, Sokoloff filed a summons and verified complaint against Ms. Dorfman in the case Aristocrat Plastic Surgery v. Mary Dorfman, Richmond County Civil Court, CV-007605-11/RI seeking damages in the amount of $5,133.08 (hereinafter "State Court action"). Ms. Dorfman was allegedly served on or around July 21, 2011.

26.     On or about August 8, 2011, Ms. Dorfman, through counsel, filed and served upon Sokoloff a verified answer disputing the debt.

27.     Sokoloff's lawsuit gave Ms. Dorfman the perception that her out-of-court verification rights were trumped by the legal action.

28.     Notwithstanding Ms. Dorfman's representation, Sokoloff mailed directly to Ms. Dorfman a letter, dated September 15, 2011, seeking payment from her in the amount of $5,199.08 for the alleged debt.  A true and accurate copy of the letter is attached hereto as **Exhibit "3."**

29.     The dunning letter contained the following statements:

> "THE LAW REQUIRES THAT I SERVE A DUPLICATE OF THE SUMMONS, PREVIOUSLY SERVED UPON YOU AS ADDITIONAL SERVICE."

> "YOU CAN AVOID THE ENTRY OF JUDGMENT BY PAYING THE AMOUNT SHOWN ABOVE, OR BY FOLLOWING THE INSTRUCTIONS ON THE SUMMONS IF YOU DISPUTE THE CLAIM.  THE AMOUNT INCLUDES COURT COSTS AND DISBURSEMENTS."

30.     The dunning letter is a deceptive ploy to communicate with a represented party in direct violation of the Fair Debt Collection Practices Act and Sokoloff's ethical obligations under the New York Rules of Professional Conduct, Rule 4.2 (Communications with Persons Represented by Counsel).  These laws explicitly prohibit attorneys from knowingly communicating with represented parties without the party's consent.  Ms. Dorfman never provided her consent to be contacted by Sokoloff.  Moreover, Ms. Dorfman's counsel directed Sokoloff to cease communications with Ms. Dorfman and communicate only with her attorney.

31.     Sokoloff sent the dunning letter without excuse or legal justification.  It falsely states that "the law requires" "additional service" of the "summons".  There is no law pursuant to which Sokoloff sent this unlawful communication to a represented party, especially after Sokoloff had

received Ms. Dorfman's verified answer from her attorney. Sokoloff lacked a reason to communicate with a represented party.

32.     The least sophisticated consumer would construe the dunning letter as a direct attempt to collect a debt while represented by counsel in a litigated matter.

33.     The dunning letter was a forced communication with a represented party. The letter was disclosed, embarrassingly, to Ms. Dorfman's husband causing needless strain on her marriage.

34.     On or about September 22, 2011, Ms. Dorfman's counsel sent Sokoloff a letter advising that Ms. Dorfman had filed and served upon Sokoloff a verified answer in the State Court action. A true and accurate copy of the letter is attached hereto as **Exhibit "4."**

**Sokoloff surreptitiously enters default judgment against represented Ms. Dorfman**

35.     On or about November 22, 2011, Sokoloff filed an *ex parte motion* seeking a default judgment against Ms. Dorfman in the State Court action, notwithstanding the fact that Sokoloff had actual notice that Ms. Dorfman, represented by counsel, had filed and served a verified answer.   Judgment was entered against Ms. Dorfman in the amount of $7,298.38.

36.     Consequently, on or about December 1, 2011, Ms. Dorfman's bank, Citibank, took immediate action against her by freezing her Home Equity Line of Credit, and drastically reduced her credit limit on another credit account.

37.     By letter dated December 5, 2011, McKernan advised Sokoloff that he had unlawfully entered a judgment against Ms. Dorfman without notice.

38.     By letter dated December 12, 2011, Sokoloff confessed to Citibank in writing that the "judgment [against plaintiff] was entered in error." A true and accurate copy of the letter is attached hereto as **Exhibit "5."**

39.     The consequences of the judgment were devastating to Ms. Dorfman and Mr. Dorfman. The judgment quickly appeared on her credit reports, which caused Citibank to suddenly freeze her family's access to needed credit. The Dorfmans are joint account holders on a substantial Home Equity Line of Credit. They live and rely on the use of that Home Equity Line of Credit, which taken away from them two days following Ms. Dorfman's shoulder surgery. Ms. Dorfman was in a medically infirm and vulnerable state, which enhanced the physical manifestations caused by the acute stress and effects of unilaterally obtained judgment.

40.     For over two weeks, until her access to her credit was restored, the Dorfmans needed to borrow money from friends and relatives to make ends meet. They were forced to embarrassingly disclose their predicament to third parties.

41.     Mr. Dorfman is an aggrieved person victimized by Sokoloff's indirect attempt to collect the alleged debt through the use of an unlawful money judgment.

42.     The judgment harmed the Dorfman's credit worthiness, credit reputation, credit accessibility, and credit expectancy.

43.     The Dorfmans suffered interest hikes, interest rate differentials, fees, credit denial(s), a significant drop in credit score, and loss of credit expectancy. Ms. Dorfman had an impeccable credit history before Sokoloff harmed it.

44.     The Dorfmans were forced to incur legal fees and costs relating to vacating the unlawfully obtained default judgment.

45.     The judgment and its consequences prevented the Dorfmans from moving forward with a home refinancing and a furniture refinancing. The Dorfmans ability to co-sign and/or guaranty their children's student loan(s) became negatively affected.

46.    Ms. Dorfman's actual non-pecuniary damages, include but are not limited to, the following:  sleep deprivation, constant anxiety, nervousness, fear, worry, fright, shock, strain to her marriage, humiliation, intimidation, lost concentration at work, instability, hostility, loss of appetite, indignation, loss of tranquility, loss of weight, enhanced stress during period of surgical convalescence.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

47.    Ms. Dorfman repeats, realleges and incorporates by reference the foregoing paragraphs.

48.    Sokoloff violated the FDCPA by:

a.    Communicating directly with Ms. Dorfman, a represented party, during the State Court action, without consent, in a litigated matter of a disputed debt, in violation of §§ 1692c(a)(2) and 1692c(c);

b.    Communicating with Ms. Dorfman, a represented party in a vague and deceptive manner, the natural consequences of which was to harass, oppress, or abuse Ms. Dorfman into paying the alleged debt in violation of §§ 1692c(a)(2), 1692c(c), 1692d, 1692e, 1692e(10) and 1692f;

c.    Stating in his letter dated September 15, 2011 that he was enclosing an "additional service" of the "summons" as "the law requires," which was false, misleading, and deceptive because no New York State law authorized, permitted, or required Sokoloff to serve the summons on Ms. Dorfman at the procedural posture in the State Action in violation of §§ 1692e, 1692e(5), 1692e(9), 1692e(10), and 1692e(13).

d.    Stating in his letter dated September 15, 2011, explicitly and implicitly, that the letter and summons was signed and meaningfully reviewed by an attorney – when they were not

8

– was false, misleading, and deceptive, in violation of §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(9), 1692e(10), and 1692e(13).

     e.     Taking legal action against Ms. Dorfman when he knew or should have known that there was no factual basis for the action and without conducting the minimum due diligence required under New York Law regarding frivolous pleadings in violation of §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), and 1692e(10).

     f.     Sending a communication and serving an additional summons on a represented party without authorization, excuse, or justification in violation of state and federal laws amounted to taking action that could not legally be taken, in violation of §§ 1692e, 1692e(3), 1692e(5), 1692e(9), 1692e(10), 1692e(13), and 1692f.

     g.     Falsely representing the character, amount, and legal status of the alleged debt and falsely representing the law to a represented party, in violation of §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692e(13), 1692c(A)(2) and 1692f.

     h.     Failing to verify the debt in response to McKernan's December 7, 2009 letter in violation of §§ 1692g and 1692g(b).

     i.     Failing to cease collection efforts and filing suit before verifying the alleged debt as required in violation of §§ 1692g, 1692g(b), 1692c, 1692c(b), 1692c(c), 1692e, 1692e(5), 1692e(10), and 1692f.

     j.     Communicating directly with Ms. Dorfman before and after suit was commenced when he had actual and constructive notice that she was represented by McKernan in violation of § 1692C(a)(2);

9

k.     Unilaterally, surreptitiously, and unconscionably entering a default judgment against a represented litigant in violation of §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692d, and 1692f.

l.     Communicating with Citibank and/or the credit reporting agencies conveying information about the unlawfully obtained judgment and disputed, inaccurate debt, which Sokoloff should have known was false in violation of §§ 1692c(b), 1692c(c), 1692e(5), 1692e(8), and 1692e(10).

m.     Filing sworn pleadings and affidavits containing false statements, without a factual basis, and without conducting the minimum due diligence required under New York Law to avoid frivolous pleadings and affirmations in violation of §§ 1692(f), 1692f(1), 1692d, 1692e, 1692e(2)(A) and (B), 1692e(5), and 1692e(10).

n.     Filing a complaint against Ms. Dorfman that was deceptive and misleading in that it was signed by an attorney but not in fact meaningfully reviewed by an attorney, in violation of §§ 1692(f), 1692e, 1692e(3), and 1692e(10).

o.     Attempting to collect accruing interest charges not expressly authorized by the agreement creating the debt or permitted by law in violation of §§ 1692e, 1692e(2)(A), 1692f and 1692f(1).

p.     Attempting to collect an interest rate that is criminally usurious in violation of §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692d.

q.     Misrepresenting the previous balance, the interest rates, the current balance in violation of §§ 1692e, 1692e(2)(a), 1692e(10), 1692d.

r.    Sokoloff's acts and omissions alleged in this complaint, singularly and collectively, amount to unfair, unconscionable, and a deceptive means to collect a debt in violation of §§ 1692(f), 1692f(1), 1692f(6), 1692d, 1692e, 1692e(10).

49.    As a result of the above violations of the FDCPA, Sokoloff is liable to the Ms. Dorfman and Mr. Dorfman for statutory damages, and actual damages, as alleged in paragraphs 39-46 in this complaint, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Violations of NYGBL § 349)

50.    The plaintiffs repeat, reallege and incorporate by reference the foregoing paragraphs.

51.    NYGBL § 349 declares unlawful and deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing any service in the State of New York.

52.    The conduct complained of in this complaint occurred during, and in furtherance of, Sokoloff's for-profit business enterprise of pursuing consumers for alleged defaulted debt obligation.

53.    At all times material to this complaint, Sokoloff's deceptive acts and practices that gave rise to the claims herein occurred while Sokoloff conducted its business of collecting consumer debts.

54.    Sokoloff's acts and practices have been directed entirely at consumers. Sokoloff's acts and practices have a broad impact on the New York consuming public.

55.    Sokoloff's collection acts are part of a recurring practice against large numbers of consumers in furtherance of his business model of increasing debt volume while decreasing the costs of each case, thus enhancing profitability.

56.    Sokoloff's offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because it deprives consumers

of state and federal rights and protections. These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

57.     The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL§ 349 and the case law interpreting it.

58.     Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL§ 349.

59.     As a result of Sokoloff's deceptive acts and practices, the Dorfmans have suffered actual damages as alleged in paragraphs 39-46 of this complaint.

60.     As a result of these violations of NYGBL § 349, Plaintiff are entitled to an injunction barring Sokoloff from engaging in deceptive acts and practices, and to recover actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

WHEREFORE, plaintiffs MARY DORFMAN and ELLIOT DORFMAN respectfully request a trial by jury and also request that judgment be entered against SOKOLOFF for the following:

A.     On the FIRST CLAIM FOR RELIEF under the FDCPA, a judgment that Sokoloff violated the FDCPA, actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

B.     On the SECOND CLAIM FOR RELIEF under NYGBL § 349, actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to

NYGBL § 349(h); plus an order enjoining Sokoloff from engaging in deceptive and acts and practices in collecting consumer debts;

    C.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Ms. Dorfman demands a trial by jury as to all issues so triable.

Dated:    New York, New York
           March 12, 2012

Jesse Langel, Esq. (JL-7079)
*Attorney for Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
646-290-5600

**Richard Sokoloff**
**Attorney at Law**
**3245 ROUTE 112-SUITE 1**
**MEDFORD, NY  11763**
**PH: (631) 696-8545 - FAX: (631) 696-8794**


MARY DORFMAN                              November 30, 2009
111 DRIGGS ST
STATEN ISLAND, NY. 10308


RE: ARISTOCRAT PLASTIC SURGERY
ACCOUNT #: 915140
AMOUNT: $5,133.08                    PLEASE ASK FOR: MR. KANE
PATIENT:                             PH#: (631) 696-8545 EXT. 111
DATE(S) OF SERVICE: 06/24/07 - 06/24/07


DEAR MARY DORFMAN :


I HAVE  BEEN RETAINED  BY MY  CLIENT  TO OBTAIN PAYMENT OF AN
OUTSTANDING  OBLIGATION  AS  INDICATED  ABOVE.   I REQUEST THAT
YOU  CONTACT MY OFFICE PURSUANT TO THE "IMPORTANT CONSUMER NOTICE"
SET FORTH BELOW OR REMIT THE BALANCE DUE IN ORDER TO RESOLVE THIS
MATTER.

SINCERELY,

RICHARD SOKOLOFF, ESQ.
RS:101/AA/11/06/09

**IMPORTANT CONSUMER NOTICE**

"UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS
NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION
THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY
THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE,
THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY
OF A JUDGMENT AND WILL MAIL YOU A COPY OF SUCH VERIFICATION OR
JUDGMENT.  IF YOU REQUEST FROM THIS OFFICE IN WRITING WITHIN 30
DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH
THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM
THE CURRENT CREDITOR."


THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**RICHARD SOKOLOFF**
Attorney At Law
3245 Route 112, Suite 1
Medford, NY 11763
PH: (631) 696-8545 - FAX: (631) 696-8794

December 12, 2011

Citibank
P.O. Box 141029
Irving, TX 75014

    Re: <u>Aristocrat Plastic Surgery v. Mary Dorfman</u>
        Index No.: 7506/11
        Our File No.: 915140
        Soc. Sec. No.: 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

Dear Sir/Madam:

With regard to the above referenced matter, a Judgment was entered against Mary
Dorfman on November 22, 2011 in the amount of $7,298.38. Please be advised that this
Judgment was entered in error. We apologize for this mistake. Please do not act on said
Judgment, which is in the process of being vacated.

If you have any questions or require additional information, please feel free to contact my
office.

Thank you.

R. Sokoloff
Richard Sokoloff, Esq.
RS:vl



**Richard Sokoloff**
*Attorney at Law*
*3245 ROUTE 112-SUITE 1*
*MEDFORD, NY  11763*
*PH: 1-(631) 696-8545 - FAX: 1-(888) 322-9957*


MARY DORFMAN                                    September 15, 2011
111 DRIGGS ST
STATEN ISLAND, NY. 10308



RE: ARISTOCRAT PLASTIC SURGERY
ACCOUNT #: 915140
AMOUNT: $5,199.08


DEAR MARY DORFMAN :


THE LAW  REQUIRES THAT I SERVE A  DUPLICATE  OF THE   SUMMONS,
PREVIOUSLY SERVED UPON YOU AS ADDITIONAL NOTICE.

YOU  CAN  AVOID THE ENTRY  OF JUDGMENT  BY PAYING  THE AMOUNT
SHOWN ABOVE,  OR BY FOLLOWING THE INSTRUCTIONS ON THE SUMMONS
IF YOU DISPUTE THE CLAIM. THE AMOUNT INCLUDES COURT COSTS AND
DISBURSEMENTS.

SINCERELY,


RICHARD SOKOLOFF, ESQ.
RS:cos
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
*FOR YOUR CONVENIENCE, MY OFFICE ACCEPTS VISA AND MASTERCARD, IF*
*YOU PREFER TO PAY BY CREDIT CARD, PLEASE EITHER CALL MY OFFICE *
*AT (631) 696-8545 OR COMPLETE THE QUESTIONAIRE BELOW AND RETURN*
*IT TO MY OFFICE                                                *
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**AMOUNT YOU WOULD LIKE TO CHARGE $_____.ATTORNEY ACCT#: 915140**
NAME AS IT APPEARS ON CREDIT CARD: _____
ADDRESS THAT STATEMENT IS SENT TO: _____

PLEASE CHECK OFF APPLICABLE CREDIT CARD: VISA ____/MASTERCARD____
ACCOUNT NUMBER: _____-_____-_____-_____.EXPIRATION DATE___/___/___

SIGNATURE:_____.TODAYS DATE: ___/___/___

DAY TIME PHONE NUMBER:_____-_____-_____

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# LAW FIRM OF KEVIN P. MCKERNAN

Attorney at Law
7247 Amboy Road
Staten Island, New York 10307
Tel: (718) 317-5007
Fax: (718) 317-2996

*Kevin P. McKernan*
*(Admitted NY, NJ)*

September 22, 2011

*234 Franklin Avenue*
*Nutley, New Jersey 07110*
*Tel:973-284-0094*

Richard Sokoloff, Esq.
3245 Route 112- Suite 1
Medford, New York 11763

RE:  ARISTOCRAT PLASTIC SURGERY

against

MARY DORFMAN

Index No. 11R007605

Dear Mr. Sokoloff:

Please be advised that I filed with the Court and served upon you a verified answer in these proceedings on August 8, 2011.

Very truly yours,

Kevin P. McKernan

KPm/dm